**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Michael Eugene Hayes,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. H-08-2501** |
| | § | |
| **Nathaniel Quarterman,** | § | |
| | § | |
| **Respondant.** | § | |

**MEMORANDUM AND RECOMMENDATION DENYING PETITIONER'S**
**FEDERAL APPLICATION FOR WRIT OF HABEAS CORPUS**

Before the Magistrate Judge is Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered the evidence submitted herewith, the claims raised by Petitioner in his § 2254 Application for Writ of Habeas Corpus (Document No. 1), the record of the disciplinary proceeding Petitioner challenges herein, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Petitioner's Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this case be DISMISSED with prejudice.

## I.     Introduction and Procedural History

Michael Eugene Hayes ("Hayes") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") as a result of his 1975 conviction for murder (two counts) in the 23rd District Court of Brazoria County, Texas, Cause Nos. 9776 and 9777, for which he was sentenced to life imprisonment. Hayes is not challenging the validity of that conviction herein. Rather, he is challenging the validity of a prison disciplinary proceeding, disciplinary case no.

20080154419, which resulted in a reprimand, the loss of 30 days good conduct time, and the loss of 30 days of both recreation and commissary privileges. (Document No. 11).

Hayes challenged disciplinary case no. 20080154419 in both a step one and step two grievance, both of which were denied.  Hayes then submitted a Federal Application for Writ of Habeas Corpus (Document No. 1), which was filed on August 15, 2008.

## II.    Claims Presented

Hayes claims that his due process rights were violated during and in relation to prison disciplinary proceeding no. 20080154419 because:

(1) he was not allowed to call any witnesses in favor of his defense

(2) the disciplinary hearing officer was partial and biased; and

(3) the charging officer filed a false disciplinary report against the petitioner

## III.  Discussion

The claims Hayes raises in this § 2254 proceeding are not claims that are cognizable under 28 U.S.C. § 2254.  Even if they were, the disciplinary proceeding records show that Hayes cannot maintain a claim for a violation of his due process rights during or in relation to disciplinary case no. 20080154419.

Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to remedy constitutional rights which affect the "fact or duration" of an individual's physical imprisonment.  *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973).  Federal habeas corpus

relief pursuant to 28 U.S.C. § 2254 is not available to remedy alleged constitutional violations which would not lead to either (1) an automatic shortening of an individual's sentence or (2) the individual's immediate release.  *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996)).

In this case, Hayes is not complaining about the fact or duration of his confinement.  Rather Hayes is complaining about a disciplinary proceeding, the result of which had no effect on Hayes's sentence or the validity of his confinement.  The records associated with disciplinary case no. 20080154419 show that the following disciplinary measures were imposed on Hayes: (1) a reprimand (2) a loss of 30 days of recreational privileges; and (3) a loss of 30 days of commissary privileges.  (Document 11).  None of these three disciplinary measures had an effect on the sentence Hayes is serving, and the absence of such discipline would not have led to a shortening of Hayes's sentence or his immediate release.  *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert denied*, 517 U.S. 1196 (1996); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995).

The record also shows that a fourth disciplinary measure, a loss of 30 days of good time credit, was also imposed on Hayes.  (Document 11).  Because Hayes, as a result of his life sentence, is not eligible for mandatory supervision release,[1] the loss of good credit time does not affect Hayes's sentence or release date.  *See Madison v.*

---

[1] Because Hayes is serving a sentence of life imprisonment, Hayes is not eligible for mandatory supervision release.  *See Ex Parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001) ("We hold that a life-sentence inmate is not eligible for release to mandatory supervision" because "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life."); *see also Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002).

*Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (if petitioner is not eligible for mandatory supervision under Texas law, he has no cognizable claim in a § 2254 proceeding for loss of good time credits); *Campos v. Johnson*, 958 F. Supp. 1180, 1190 (W.D. Tex. 1997) ("[I]nsofar as petitioner, whose [sic] is statutorily ineligible for release on mandatory supervision, may have been improperly deprived of good time credits, that claim does not provide a basis for federal habeas corpus relief").  Accordingly, Hayes's claims are not cognizable or redressable under 28 U.S.C. § 2254.

Even if Hayes's claims were cognizable or redressable under 28 U.S.C. § 2254, no relief would be available to Hayes on the merits of such claims because Hayes's claims do not rise to the level of a due process violation as a matter of law.  In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that inmates, in the context of a prison disciplinary proceeding, are entitled to the following due process guarantees: (1) 24 hours written advance notice of the disciplinary charge(s); (2) a written statement of the factfinders as to the evidence relied on and the reason(s) for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense of the charges.  In *Sandin v. Connor*, 515 U.S. 472, 485-86 (1995), the United States Supreme Court modified the requirements set forth in *Wolff v. McDonnell*, when it held that a prisoner's due process liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Thus, under *Sandin*, *Wolff's* three due process requirements apply in the prison disciplinary context only when the punishment

imposed affects the length of the inmate's sentence and/or represents an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life. *See also Orellana v. Kyle*, 65 F3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *e.g.*, *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (Cell and commissary restrictions "do not deprive plaintiff of a protected liberty interest and, therefore, plaintiff was not entitled to due process during the disciplinary proceedings").

Punitive disciplinary measures such as cell restriction, loss of commissary privileges, extra work duties, and even confinement in disciplinary segregation do not pose the type of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that will implicate the protections of the Due Process Clause. *Sandin*, 515 U.S. 485-86 (administrative segregation did not implicate due process); *Madison*, 104 F.3d at 767 (5th Cir. 1997) (cell and commissary restrictions "are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest"); *Bulger*, 65 F.3d at 49-50 (inmates have no protectable interest in their work assignments). Likewise, punishment which "merely changes the condition of a prisoner's confinement" does not implicate due process concerns. *Madison*, 104 F.3d at 768 (5th Cir. 1997). Loss of recreational and commissary privileges do not change the condition of a prisoner's confinement and are therefore not the type of disciplinary measures that pose an atypical or significant hardship in relation to the ordinary incidents of prison life. *See id.*

In addition, an inmate's change in classification and/or deprivation of the opportunity to earn good time credits will not implicate the protections of the Due Process Clause. *See Luken*, 71 F.3d at 193 ("the loss of the opportunity to earn good-

time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interest"); *Bulger*, 65 F.3d at 50 (an inmate's loss of the ability to accrue good time credits does not inevitably affect the length of his sentence); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("'Inmates have no protectable property or liberty interest in custodial classifications'").

Similarly, while the loss of good time credits *may* implicate due process concerns,[2] where the prisoner is ineligible for mandatory supervision, and the good time credits can only be applied to the prisoner's eligibility for parole, the prisoner has not stated a claim, as a matter of law, for violation of his constitutional due process rights. *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) ("As a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest."); *Madison*, 104 F.3d at 769 (directing, upon remand, that if it is determined that Madison is not eligible for

---

[2]     In *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000), the Fifth Circuit determined that "there is a consitutional expectancy of early release created by Texas's mandatory supervision scheme in place prior to September 1, 1996 for earned good time credits." The Fifth Circuit expressly reserved comment on whether Texas's mandatory supervision scheme in place after September 1, 1996 for earned good time credits created a constitutional expectancy of early release. *Id.* At 958 ("We posit no opinion concerning a constitutional expectancy of early release under Texas's revised statute.") While the Fifth Circuit has not yet determined whether Texas's mandatory supervision laws in place at the time Hayes was convicted create a constitutional expectation in early release, the Fifth Circuit did not in any way imply that Texas's mandatory supervision laws, either before or after September 1, 1996, create a constitutional expectancy in early release for those who are statutorily *ineligible* for mandatory release at the time of their convictions. Statutory ineligibility for mandatory supervision, *a fortiori*, would vitiate a prisoner's expectancy of early mandatory supervision release.

mandatory supervision, the dismissal of Madison's due process claims may be reinstated).

Because Hayes is not eligible for mandatory supervision release given his life sentence, *See Ex Parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001); *Arnold v. Cockrell*, 306 F.3d 277, 278 ( 5th Cir. 2002), and because none of the punishment meted out to Hayes as a result of his disciplinary infractions raise due process concerns under *Sandin*, Hayes is not entitled to any relief in this proceeding.

## V. <u>Conclusion and Recommendation</u>

Based on the foregoing, and the conclusion that no relief is available to Petitioner on the claims he has asserted in this proceeding pursuant to 28 U.S.C. § 2254, the Magistrate Judge RECOMMENDS that Petitioner Michael Eugene Hayes Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and this case be DISMISSED with prejudice.

The clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objection within the ten day period bars an aggrieved party

from attacking conclusion of law on appeal.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas this 7th  day of July, 2009.

Frances H. Stacy
United States Magistrate Judge